IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kellie Furr, | ) Civil Action No.: 2:12-cv-02473-MGL |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| Carolyn W. Colvin,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Kellie Furr ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act.  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling.  On February 14, 2014, the Magistrate Judge issued a Report and Recommendation in which she determined that the findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence.  Accordingly, the Magistrate Judge recommends affirming the Commissioner's decision. (ECF No. 19.) Plaintiff filed Objections on March 1, 2014.  (ECF No. 20.)  For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

I.  FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff was 34 years old on her alleged disability onset date of June 1, 2009. (Tr. at 9, 16.) She alleged disability due to lower back pain, fibromyalgia, and anxiety. (Tr. at 11, 42, 167.) Plaintiff has a GED and past relevant work as a data entry clerk, a housekeeper, and a receptionist. (Tr. at 33, 16.) Plaintiff's November 11, 2009 applications for DIB and SSI were denied initially and upon reconsideration. (Tr. at 9.) Plaintiff requested a hearing before an ALJ and a hearing was held on June 17, 2011. (Tr. at 9.) On August 19, 2011, the ALJ issued an opinion finding that Plaintiff was not under a disability as defined by the Social Security Act. (Tr. at 6-18.) The Appeals Council denied Plaintiff's request for review (Tr. at 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on August 27, 2012. (ECF No. 1.)

II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 19 at 14.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing*

*Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

IV.  DISCUSSION OF THE LAW

    A.    STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976).  In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ."  *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)).  The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner.  *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968).  Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the

administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### B.   TREATING PHYSICIAN OPINIONS

Plaintiff filed objections to the Report and Recommendation ("Objections") on March 1, 2014: 1) making a general objection to the Magistrate Judge's reading of the facts; 2) taking issue with the ALJ's consideration of the treating physician's opinions in light of the medical record; and 3) challenging the ALJ's reliance on the opinions of "non-examining chart reviewers and a consultive examiner." (ECF No. 20.)

As an initial matter, the Court finds that the Magistrate Judge properly considered and applied the facts and evidence in this matter in accordance with the relevant standards. Thus, the Court rejects Plaintiff's general objection to the Magistrate Judge's review of the ALJ's decision. (ECF No. 25 at 1-2.) A party's general objections are not sufficient to challenge a magistrate judge's findings. *See Pickens v. U.S. Dep't of Justice*, 479 Fed. Appx. 460, 461 (4th Cir. 2012)(unpublished decision)( "in order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as to reasonably alert the district court of the true ground for the objection."); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991); *Ford v. Reynolds*, No. 3:11-67, 2011 WL 2581397, * 2 (D.S.C. June 29, 2011).

Next, the Court finds that Plaintiff fails to highlight any issue that would call into question the Magistrate Judge's analysis and recommended disposition as it relates to the opinions of treating physician Dr. Gary Kuhns. In her objection, Plaintiff states that Dr. Kuhns opined no less than six times in the record that Plaintiff was disabled, unable to work, and unable to perform the basic

functions of work. Further, Plaintiff argues that the record contains ample medical evidence to support Dr. Kuhns' opinions. (ECF No. 20 at 2-3.) This Court agrees with the Magistrate Judge's ultimate conclusion that substantial evidence supports the ALJ's consideration and treatment of Plaintiff's treating physician Dr. Kuhns. (ECF No. 19 at 5-10.)

Generally, an ALJ will "accord greater weight to the testimony of a treating physician" but the relevant rule does not require that the testimony always be given controlling weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). The ALJ is to give controlling weight to a treating physician's opinion if it is not inconsistent with substantial evidence in the record and is well supported by clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1527 (c)(2), 416.927 (c)(2); *see also* SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996) (requiring the ALJ to provide an explanation of the weight given to the treating source's medical opinion). By negative implication, it follows that a treating physician's opinion can be accorded less weight if it is not supported by the clinical evidence or if it is inconsistent with other substantial evidence. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

It is the duty of the ALJ, not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ reviewed and discussed the objective medical evidence, including the progress and treatment notes of Dr. Kuhns. (Tr. at 14- 16.) Ultimately, the ALJ found it appropriate to assign "no weight" to the opinions of Dr. Kuhns that the claimant is disabled due to lower back pain and has obvious limitations in functioning due to anxiety because they are not supported by his treatment notes. (Tr. at 16.) The record adequately supports the ALJ's decision to discount Dr. Kuhns' opinions on these matters. Although Plaintiff does not like the conclusion the ALJ reached, it is not within the Court's province to reweigh the evidence. *Hays*, 907 F.2d at 1456. Further, Dr. Kuhns' opinions that

Plaintiff is disabled or unable to work are reserved to the Commissioner and are not considered medical opinions. 20 C.F.R. §§ 404.1527; SSR 96–5p, 1996 WL 374183, at *5 (July 2, 1996). Pursuant to the regulations, the Commissioner will not give any special significance to the source of an opinion on an issue reserved to the Commissioner. *Id.*; *see also Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002) (statements that a claimant could not be gainfully employed are not medical opinions, but opinions on the application of the statute, a task assigned solely to the discretion of the Commissioner).

The ALJ is to make the ultimate determination as to whether a claimant meets the statutory definition of disability. The ALJ is also required to "make credibility determinations— and therefore sometimes must make negative determinations— about allegations of pain or other nonexertional disabilities." *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). This Court's role is to determine whether the ALJ's findings are supported by substantial evidence. If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Plaintiff's objections fail to add any new arguments that would cause the Court to reject the Magistrate Judge's recommendation as it relates to the ALJ's treatment of Dr. Kuhns' opinions in light of the medical record evidence.[2]

    C.    NON-EXAMINING PHYSICIANS

---

[2]Plaintiff also appears to renew her challenge to the Appeals Council's review of an MRI report dated September 21, 2011, which was added to the record after the ALJ's decision. (ECF No. 20 at 7.) In denying Plaintiff's request for review, the Appeals Council considered and concluded that the information does not provide a basis for changing the ALJ's decision. (Tr. at 1-4.) The Fourth Circuit has held that the Appeals Council is not required to articulate its rationale for denying a request for review, thus, the fact that the report was not considered by the ALJ or its weight explained by the Appeals Council is not cause for remand as Plaintiff suggests. *See Meyer v. Astrue*, 662 F.3d 700, 705-706 (4th Cir. 2011).

Finally, Plaintiff briefly objects to the Magistrate's finding that the ALJ justifiably relied on the opinions of "non-examining chart reviewers and a consultative examiner." (ECF No. 20 at 7.) Plaintiff contends that even if Dr. Kuhns' opinions were not given controlling weight, they should have received more weight than those of the non-examining physicians and consultants. (ECF No. 20 at 7.) It appears that this objection primarily concerns the weight given to Dr. Kuhns' opinion relative to non-examining sources. (ECF No. 20 at 7-8.) This Court has fully addressed this issue above. In reviewing the ALJ's decision, it is important to note that the ALJ's assessment is to be based on all relevant evidence in the case record, including statements from evaluating physicians and state agency medical consultants. *See* 20 C.F.R. 404.1545(a); (Tr. at 8.) The Court agrees with the Magistrate Judge's conclusion— Plaintiff fails to challenge the ALJ's reliance on non-examining sources on a legal basis. (ECF No. 19 at 14.) The Court cannot find that Plaintiff's objection changes the well-reasoned analysis or conclusion reached by the Magistrate Judge.

V. CONCLUSION

The Court has carefully reviewed the record, including the findings of the ALJ and Plaintiff's objections to the Report and Recommendation. The Court concurs in the recommendation of the Magistrate Judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

March 5, 2014
Spartanburg, South Carolina